# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>GULF PACKAGING, INC.,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No. 15-15249<br><br>Hon. Judge Pamela S. Hollis |
| JOSEPH MYERS, not individually but solely as trustee of the Gulf Packaging, Inc. Creditor Trust,<br><br>        Plaintiff,<br>v.<br><br>PACKAGING CORPORATION OF AMERICA,<br><br>        Defendant. | Adv. No. 17-00223 |

## PACKAGING CORPORATION OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Packaging Corporation of America (the "Defendant"), by and through the undersigned counsel, submits this Answer to the Complaint of Joseph E. Myers, as Creditor Trustee for the Gulf Packaging Creditor Trust (the "Plaintiff"), filed on April 17, 2017 (the "Complaint"), and states and alleges as follows:

## JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over this adversary proceeding which arises under title 11 of the Bankruptcy Code, and arises in and relates to a case under the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"), case number 15-15249, pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] The last four digits of the Debtor's taxpayer identification number are 5030.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

2.   This is a core proceeding under 28 U.S.C. § 157(b)(2).

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 2 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

3.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 3 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

4.   The statutory predicates for the relief requested herein are sections 502, 547, 548, and 550 of the Bankruptcy Code.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## **BACKGROUND**

5.   Gulf Packaging, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 29, 2015 (the "Petition Date").

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 5 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

6.   After the sale of substantially all of the Debtor's assets in the bankruptcy case, the

2

Debtor filed the First Amended Chapter 11 Plan (the "Plan") (ECF No. 266), which provided

for the orderly liquidation of the Debtor's remaining assets.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegation in paragraph 6 of the Complaint.  To the extent a response is

required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

    7.   On December 15, 2015, the Court entered an order (the "Confirmation Order")

(ECF No. 317) confirming the Plan, which included approval of the Gulf Packaging, Inc.

Creditor Trust Agreement (the "Creditor Trust Agreement") (ECF No. 331).

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegation in paragraph 7 of the Complaint.  To the extent a response is

required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

    8.   The Plan became effective on January 22, 2016.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegation in paragraph 8 of the Complaint.  To the extent a response is

required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

    9.   Under the terms of the Plan, Confirmation Order, and related Creditor Trust

Agreement, all of the Debtor's remaining assets were transferred to the Creditor Trust on

January 22, 2016, the effective date of the Plan. Included among the assets transferred to the

Creditor Trust were actions under chapter 5 of the Bankruptcy Code.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegation in paragraph 9 of the Complaint.  To the extent a response is

required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

    10. Pursuant to Section 3.2 of the Creditor Trust Agreement, the Creditor Trustee is

authorized to, among other things, analyze, prosecute and settle avoidance actions under chapter 5 of the Bankruptcy Code.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

11. Accordingly, the Creditor Trustee has authority to commence this action on behalf of the Creditor Trust.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

12. On information and belief, the Defendant is a business entity organized under the laws of Delaware with its principal place of business in Lake Forest, Illinois.

ANSWER:  The Defendant admits the allegations of paragraph 12 of the Complaint.

13. On information and belief, the Defendant received transfers from the Debtor during the Two-Year Period (defined below), as more specifically identified in the exhibits to this Complaint.

ANSWER:  The Defendant denies the allegations of paragraph 13 of the Complaint.

14. The Debtor was formed as a Texas corporation on February 14, 2012, for the purpose of a "roll-up" of a number of independent entities, referred to by the Debtor in its bankruptcy filings as "Affiliates."

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 14 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

4

15. Under the anticipated roll-up, the Affiliates would have remained separate legal entities, each with separate ownership, with the Debtor acting as a centralized accounting, marketing, and administrative entity.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 15 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

16. On or about March 31, 2014, the Debtor entered into a Loan and Security Agreement (the "Loan") with FCC, LLC ("FCC") pursuant to which FCC made certain loans to the Debtor.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 16 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

17. In connection with the Loan, the Debtor granted FCC first priority liens on substantially all of the Debtor's assets.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 17 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

18. The FCC Loan permitted the Debtor to borrow up to 85% of eligible accounts receivable and 50% of eligible inventory.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 18 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

19. Subsequent to entering into the FCC Loan, on information and belief, the Debtor

began centralizing accounting functions on a rolling basis with respect to each Affiliate.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 19 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

20. The anticipated roll-up never came to fruition, and the Debtor never successfully integrated accounting, marketing, and administrative operations with the Affiliates. As a result, the Debtor and the Affiliates continued operating independently.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

21. On information and belief, the value of the Debtor's assets, including accounts receivable and inventory, was in fact significantly less than the reported book values during the two years prior to the Petition Date (the "Two-Year Period"), and at all times relevant to this Complaint.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 21 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

22. During the Two-Year Period, and at all times relevant to this Complaint, the Debtor's balance sheets included estimated book values of the Debtor's assets, including accounts receivable and inventory, showing that the Debtor's liabilities either (i) exceeded, or (ii) were marginally exceeded by, the book value of the Debtor's assets.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 22 of the Complaint.  To the extent a response is

6

required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

23. On information and belief, the substantial discrepancy between book and actual value was due to the fact that the Debtor's inventory was stale and in many cases unusable, and the accounts receivable were overstated.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 23 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

24. As a result of this overvaluation, the sale of the Debtor's assets under section 363 of the Bankruptcy Code (which was principally comprised of the Debtor's inventory) yielded actual recoveries for the Debtor's bankruptcy estate far below the estimated book values.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 24 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

25. Thus, during the Two-Year Period, and at all times relevant to this Complaint, the Debtor was insolvent because the amount of the Debtor's liabilities exceeded the value of its assets.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 25 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

26. During the Two-Year Period, it was the Debtor's business practice to routinely pay vendors for goods that were not shipped to or received by the Debtor.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 26 of the Complaint.  To the extent a response is

required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

27. Additionally, during the Two Year Period, it was the Debtor's business practice to routinely pay invoices that were issued by vendors to the Debtor's Affiliates rather than to the Debtor.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 27 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

28. Indeed, because the Debtor sought to accomplish the roll-up and centralization of accounting functions on a rolling basis, at times the Debtor made payments to vendors that were not on account of a Debtor-issued purchase order or an invoice issued to the Debtor.

ANSWER:  Paragraph 28 of the Complaint contains statements and remarks to which no response is required.  To the extent a response is required, the Defendant denies.

## COUNT I
### (Avoidance of Fraudulent Transfers Under 11 U.S.C. §548(a)(1)(B))

29. The Creditor Trustee repeats and realleges the allegations of paragraphs 1 through 28 as though fully set forth herein.

ANSWER:  The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 28 above.

30. During the Two-Year Period, the Debtor made one or more transfers to the Defendant totaling at least $502,756.89, including, without limitation, those transfers more specifically identified in Exhibit A attached to this Complaint and incorporated herein by reference, together with any other transfers later identified (the "*Fraudulent Transfers*" or "*Transfers*") by the Creditor Trustee.

ANSWER:  In response to paragraph 30 of the complaint, the Defendant denies.

8

31. Each Fraudulent Transfer constituted a transfer of an interest of the Debtor in property; namely, cash from a deposit account in the Debtor's name.

ANSWER:  In response to paragraph 31 of the complaint, the Defendant denies.

32. Each Fraudulent Transfer was made within the two years prior to the Petition Date.

ANSWER:  In response to paragraph 32 of the complaint, the Defendant denies.

33. On information and belief, each Fraudulent Transfer paid an invoice issued by the Defendant to an Affiliate of the Debtor, or for goods that were not ordered by the Debtor and were not shipped to or received by the Debtor.

ANSWER:  In response to paragraph 33 of the complaint, the Defendant denies.

34. As such, the Fraudulent Transfers were not made on account of a debt owed by the Debtor to Defendant and the Debtor did not receive anything in exchange for each of the Fraudulent Transfers.

ANSWER:  In response to paragraph 34 of the complaint, the Defendant denies.

35. Accordingly, the Debtor did not receive reasonably equivalent value in exchange for the Fraudulent Transfers.

ANSWER:  In response to paragraph 35 of the complaint, the Defendant denies.

36. The Debtor's liabilities exceeded its assets during the Two-Year Period because the value of the Debtor's accounts receivable and inventory was significantly less than its reported book value. The Debtor borrowed more under the FCC Facility than it could repay through the sale of its assets.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 36 of the Complaint.  To the extent a response is

required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

37. Accordingly, on the date each Fraudulent Transfer was made, the Debtor:

a. was insolvent or became insolvent as a result of the Fraudulent Transfer;

b. was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

c. intended to incur, or believed it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

ANSWER:  In response to paragraph 37 of the complaint, the Defendant denies.

38. For these reasons, the Creditor Trustee may avoid the Fraudulent Transfers as fraudulent under 11 U.S.C. § 548(a)(1)(B).

ANSWER:  In response to paragraph 38 of the complaint, the Defendant denies.

## <u>COUNT II</u>
### (In the Alternative, Avoidance of Preferential Transfers Pursuant to Section 547 of the Bankruptcy Code)

39. The Creditor Trustee repeats and realleges the allegations of paragraphs 1 through 28 as if fully set forth herein.

ANSWER:  The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 38 above.

40. During the ninety (90) day period immediately preceding the Petition Date, the Debtor operated its business affairs, including transferring property, either by checks, cashier checks, wire transfers, direct deposit, or otherwise, to certain entities, including the Defendant.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegation in paragraph 40 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

41. Notwithstanding the Debtor's failure to complete the contemplated roll-up with the Affiliates, the Debtor held itself out as a national distributor of packaging equipment and supplies.

ANSWER: The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 41 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

42. On information and belief, as a result of the Debtor's inconsistent bookkeeping and payment procedures with respect to each of the Affiliates' vendors, including the Defendant, the Debtor may have dealt with the Defendant on a direct basis, under which the Debtor ordered products and the Defendant issued invoices directly to the Debtor.

ANSWER: The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 42 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

43. During the Preference Period, the Debtor made one or more transfers to the Defendant totaling at least $69,999.97, including those transfers more specifically identified in Exhibit B attached to this Complaint and incorporated herein by reference, together with any other transfers later identified (the "Preference Transfers," and together with the Fraudulent Transfers, the "Avoidable Transfers") by the Creditor Trustee.

ANSWER: The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 43 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

11

44. Each Preference Transfer constituted a transfer of an interest of the Debtor in property; namely, cash from a deposit account in the Debtor's name.

ANSWER: The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 44 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

45. Each of the Preference Transfers was a transfer to, or for the benefit of, the Defendant.

ANSWER: The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 45 of the Complaint. To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

46. The Defendant was a creditor of the Debtor within the meaning of section 101(10)(A) of the Bankruptcy Code at the time of each of the Preference Transfers.

ANSWER: In response to paragraph 46 of the Complaint, the Defendant denies.

47. Each Preference Transfer was made for, or on account of, an antecedent debt owing by the Debtor to the Defendant before such Preference Transfers were made.

ANSWER: In response to paragraph 47 of the Complaint, the Defendant denies.

48. Because the sum of the Debtor's debts was greater than its assets and because there is a presumption of insolvency set forth in section 547(f) of the Bankruptcy Code, each Preference Transfer was made while the Debtor was insolvent.

ANSWER: In response to paragraph 48 of the Complaint, the Defendant denies.

49. Each Preference Transfer was made on or within ninety (90) days prior to the Petition Date.

ANSWER: The Defendant is without knowledge or information sufficient to form a belief as

12

to the truth of the allegation in paragraph 49 of the Complaint.  To the extent a response is

required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

50. Each Preference Transfer enabled the Defendant to receive more than it would

receive if:

    a. the Debtor's case were a case under chapter 7 of the Bankruptcy Code;

    b. such Preference Transfer had not been made; and

    c. the Defendant received payment of such debt to the extent provided by the

    provisions of the Bankruptcy Code.

ANSWER:  In response to paragraph 50 of the Complaint, the Defendant denies.

51. By reason of the foregoing, Creditor Trustee may avoid the Preference Transfers

as preferential transfers pursuant to section 547(b) of the Bankruptcy Code.

ANSWER:  In response to paragraph 51 of the Complaint, the Defendant denies.

### <u>COUNT III</u>
### (Recovery of Avoidable Transfers Pursuant to Section 550 of the Bankruptcy Code)

52. The Creditor Trustee repeats and realleges the allegations of paragraphs 1 through

51 as though fully set forth herein.

ANSWER:  The Defendant restates and incorporates by reference its answers set forth in

paragraphs 1 through 51 above.

53. The Defendant was either: (a) the initial transferee of the Avoidable Transfers, (b)

the entity for whose benefit the Avoidable Transfers were made, or (c) an immediate or

mediate transferee of an initial transferee.

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegation in paragraph 53 of the Complaint.  To the extent a response is

required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

13

54. To the extent the Avoidable Transfers are avoided pursuant to sections 547 or 548 of the Bankruptcy Code, the Creditor Trustee may recover the Avoidable Transfers, or their value, from the Defendant or any mediate or immediate transferee pursuant to section 550 of the Bankruptcy Code.

ANSWER:  Paragraph 54 of the Complaint contains statements and a legal conclusion to which no response is required.  To the extent a response is required, the Defendant denies.

## COUNT IV
### (Disallowance of Claims Pursuant to Section 502(d) of the Bankruptcy Code)

55. The Creditor Trustee repeats and realleges the allegations of paragraphs 1 through 54 as though fully set forth herein.

ANSWER:  The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 54 above.

56. Section 502(d) of the Bankruptcy Code provides, in relevant part, that the claim of any entity or transferee receiving a payment that is avoidable under sections 547 or 548 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

ANSWER:  Paragraph 56 of the Complaint contains statements and citations of law to which no response is required.  To the extent a response is required, the Defendant denies.

57. The Defendant is the transferee of the Avoidable Transfers.

ANSWER:  The Defendant is withoutknowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 57 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

58. The Defendant has, or may claim to have, a claim or claims against the Debtor's estate.

14

ANSWER:  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 58 of the Complaint.  To the extent a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

59. The Defendant has neither paid nor surrendered the Avoidable Transfers or the value thereof to the Debtor's estate or the Creditor Trust.

ANSWER:  In response to paragraph 59 of the Complaint, the Defendant admits.

60. The Creditor Trustee objects to any and all claims of the Defendant, including, without limitation, all pre-petition and post-petition claims pursuant to section 502(d) of the Bankruptcy Code.

ANSWER:  Paragraph 60 of the Complaint contains statements and remarks to which no response is required.  To the extent a response is required, the Defendant denies.

61. By reason of the foregoing, any claim which the Defendant has filed must be disallowed pursuant to section 502(d) of the Bankruptcy Code until the Avoidable Transfers or the value thereof are returned to the Creditor Trust.

ANSWER:  In response to paragraph 61 of the Complaint, the Defendant denies.

**WHEREFORE**, based upon the foregoing, the Transfers are not recoverable by the Plaintiff.  The Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorney's fees incurred in the defense of this action.

## <u>AFFIRMATIVE DEFENSES</u>

1.  Without conceding that the Defendant has the burden of proof on any of the issues below, the Defendant asserts the following defenses:

### <u>FIRST AFFIRMATIVE DEFENSE</u>

15

2.   The Defendant provided more than reasonably equivalent value to the Debtor by fulfilling all orders made by the Debtor.

<u>SECOND AFFIRMATIVE DEFENSE</u>

3.   The alleged preferential transfer funds which the Debtor seeks to recover were never property of the Debtor.

<u>THIRD AFFIRMATIVE DEFENSE</u>

4.   The non-debtor affiliates acted as agents of the Debtor and represented themselves as the Debtor.  The Debtor was aware of these representations and accordingly, is bound by any orders made by a non-debtor affiliate.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

5.   The Trustee is estopped from alleging that benefits did not flow to the Debtor on each transaction because the Debtor admitted that it received reasonably equivalent value on each transaction and relied on such statements in its Cash Management Motion and the order entered pursuant to such motion earlier in the bankruptcy case.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

6.   After the Defendant received various transfers identified in Exhibit B to the Complaint, the Defendant gave new value to or for the benefit of the Debtor, not secured by an otherwise unavoidable security interest and on account of which the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant, and therefore are not avoidable pursuant to 11 U.S.C. §547(c)(4).

<u>SIXTH AFFIRMATIVE DEFENSE</u>

7.   The transfers identified in Exhibit B to the Complaint were intended by the Debtor and the Defendant to be a contemporaneous exchange for new value given to the Debtor and were

in fact a substantially contemporaneous exchange, and therefore are not avoidable pursuant to 11 U.S.C. §547(c)(1).

## SEVENTH AFFIRMATIVE DEFENSE

8.   To the extent that the Plaintiff can establish that the transfers or obligations made to Defendant are obligations pursuant to 11 U.S.C. §547(b), each of the transfers as identified in Exhibit B of the Complaint cannot be avoided because each was in payment of an obligation incurred by the Debtor in the ordinary course of the business or financial affairs of the Debtor and the Defendant, were made in the ordinary course of business or financial affairs of the Debtor and the Defendant, and were made according to ordinary business terms.  11 U.S.C. §547(c)(2).

## EIGHTH AFFIRMATIVE DEFENSE

9.   The Plaintiff lacks standing to bring this action.

## NINTH AFFIRMATIVE DEFENSE

10. Although Defendant denies that it owed any amounts to the Plaintiff, in the event the Court determines that amounts are due to the Plaintiff from the Defendant, that amount should be offset by any amount determined due to the Defendant from the Plaintiff in connection with the same transactions and occurrences.

## TENTH AFFIRMATIVE DEFENSE

11. To the extent any funds the Trustee is seeking to recover are subject to governing documents or agreements limiting the use of such funds in any way, including, but not limited to, segregation of assets and liabilities, the Trustee is estopped from using the funds in a manner contrary to such governing documents or agreements.

## ELEVENTH AFFIRMATIVE DEFENSE

17

12. Plaintiff's claims are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff fails to state a cause of action.

### FOURTEENTH AFFIRMATIVE DEFENSE

15. The Plaintiff is barred from recovering the Preference Transfers and the alleged fraudulent transfers (the "Fraudulent Transfers"; and collectively with the Preference Transfers, the "Transfers") because at all times relevant to the matters complained of the Debtors and all subsidiaries were solvent. Consequently, the Defendant's claims may not be disallowed.

### FIFTEENTH AFFIRMATIVE DEFENSE

16. The claims of the Plaintiff are barred, in whole or in part, pursuant to 11 U.S.C. § 550(b) by reason that Defendant, to the extent it took any Transfers, took the alleged transfers for value, in good faith and without knowledge of the avoidability of the alleged transfers.

### SIXTEENTH AFFIRMATIVE DEFENSE

17. The claims of the Plaintiff are barred by reason that, at all relevant times, the Debtors were not rendered insolvent or left with unreasonably small capital as a result of any transactions with the Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18. The claims of the Plaintiff are barred, in whole or in part, by reason that, to the

18

extent that it received any Fraudulent Transfers, Defendant was at all times a good faith

transferee for reasonably equivalent value pursuant to 11 U.S.C § 548(c).

## EIGHTEENTH AFFIRMATIVE DEFENSE

19. The claims of the Plaintiff are barred, in whole or in part, by reason that

Defendant lacked actual knowledge of fraud, misappropriation or any other misconduct on the

part of the Debtors and/or anyone acting by, through, for or against it.

## NINETEENTH AFFIRMATIVE DEFENSE

20. The claims of the Plaintiff are barred, in whole or in part, by reason that Plaintiff

has failed to plead fraud on the part of Defendant with particularity as required by Fed. R.

Civ. P. 9(b) and Fed. R. Bankr. P. 7009(b).

## TWENTIETH AFFIRMATIVE DEFENSE

21. The Defendant hereby gives notice that it intends to rely upon such other and

further defenses as may become available or apparent during the discovery process in this

action, and hereby reserves the right to amend their answer to assert any such defenses. The

assertion of the above defenses by Defendant is not intended and should not be deemed or

construed to alter or shift any burden of proof Plaintiffs may have in connection with the

claims asserted in the Complaint.

22. The Defendant adopts by reference any applicable defense pled by any other

defendant not expressly set forth herein.

## **PRAYER FOR RELIEF**

**Wherefore**, based upon the foregoing, the alleged transfers are not recoverable by the

Plaintiff.  The Defendant requests that the Court deny the Plaintiff's requests for relief and

award the Defendant such other and further relief as the Court may deem just and proper,

including but not limited to attorney's fees incurred in the defense of this action.

**<u>JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE</u>**

**<u>DEFENSES AND COUNTERCLAIMS, IF ANY.</u>**

DATED: August 25, 2017                    **Respectfully submitted,**

                                          PACKAGING CORPORATION OF AMERICA

                                          /s/ Jason M. Torf_____
                                          Jason M. Torf
                                          500 West Madison Suite 3700
                                          Chicago IL 60661
                                          Telephone: (312) 606-3236
                                          Facsimile: (312) 267-2202
                                          Email: jtorf@hmblaw.com

                                          /s/ Neal Ganta_____
                                          Neal Ganta
                                          18500 Von Karman Avenue, Fifth Floor
                                          Irvine, California 92612
                                          Telephone:    (949) 260-0611
                                          Facsimile:    (949) 260-0613
                                          Email:        nganta@blakeleyllp.com

                                          *Attorneys for Defendant*
                                          *Packaging Corporation of America*